UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANNY R. GREEN,<br><br>    Plaintiff,<br><br>    v.<br><br>DELPHI FINANCIAL GROUP, INC. and RELIANCE STANDARD LIFE INSURANCE COMPANY.,<br><br>    Defendants. | Civil Action No. _____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, Danny R. Green, by and through his undersigned counsel, and complains against the Defendants as follows:

**PARTIES**

1.   The Plaintiff, Danny R. Green, is an individual who resides in Biddeford, Maine.

2.   Defendant Delphi Financial Group, Inc. ("Delphi") is a Delaware corporation with an office in Philadelphia, Pennsylvania.

3.   Defendant Reliance Standard Life Insurance Company ("Reliance") is an Illinois corporation with its principal place of business in Philadelphia, Pennsylvania.

4.   Reliance is a wholly-owned subsidiary of Delphi.

**JURISDICTION AND VENUE**

5.   This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, and the parties are citizens of different states.

6.   Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) & (2).

## BACKGROUND

7. Green served as Senior Vice President for Reliance from on or around 2000 until June 2012.

8. In 2003 Delphi adopted its Employee Long-Term Incentive and Share Award Plan (the "Plan"). The purpose of the Plan was "to attract, retain, and motivate employees of the Company and its Subsidiaries and Affiliates," such as Reliance.

9. Pursuant to the Plan, in August 2009 Green and Delphi entered into a Stock Option Award Agreement. In December 2010, and pursuant to the Plan, the parties executed an Amended and Restated Award Agreement (the "Agreement"), which superseded the 2009 Agreement. Delphi entered into the Agreement on behalf of its subsidiary Reliance to further Reliance's interest in retaining Green's services.

10. Under the Agreement, Delphi awarded Green 25,854 shares of Delphi Class A common stock (the "Restricted Shares") and options to purchase up to 60,000 additional shares of Delphi Class A common stock. Unless and until the Restricted Shares were forfeited, the Agreement provided that Green would be the "beneficial owner" thereof, and "shall have the rights of a stockholder of Delphi," other than the right to transfer the Restricted Shares voluntarily.

11. Pursuant to the terms of the Agreement, Green's right to retain the Restricted Shares, and his right to exercise his options to purchase additional shares, were conditioned upon Reliance achieving certain financial performance goals for Delphi's 2009, 2010, 2011, and 2012 fiscal years (the "Performance Period").

12. Green's rights to retain the Restricted Shares and to exercise the options to purchase additional shares were also conditioned upon his continued employment by Reliance during the Performance Period.

13. The financial performance and continued employment conditions, however, were subject to certain exceptions.

14. One such exception is triggered if Delphi experiences a "Change of Ownership" as defined in the Plan.

15. In May 2012 Delphi was acquired by Tokio Marine Holdings Inc. ("Tokio") in a merger transaction that constituted a Change of Ownership as defined in the Plan.

16. On or around June 2012, Green retired from Reliance for health reasons.

17. Although Green left his employment with Reliance before the end of the Performance Period, the Plan provides that "in the event of a Change of Ownership, (i) all outstanding Awards pursuant to which [Green] may have rights the exercise of which is restricted or limited, shall become fully exercisable at the time of the Change of Ownership . . . ."

18. The Plan further provides that "unless the right to lapse of restrictions or limitations is waived or deferred by [Green] prior to such lapse, all restrictions or limitations (including risks of forfeiture and deferrals) on outstanding Awards subject to restrictions or limitation under the Plan shall lapse, and all performance criteria and other conditions to payment of Awards under which payments of cash Shares or other property are subject to conditions shall be deemed to be achieved or fulfilled and shall be waived by the Company at the time of the Change of Ownership."

19. Thus when Delphi was acquired by Tokio in May 2012, the restrictions on Green's Restricted Shares terminated, Green's rights with respect to his options to purchase additional shares vested, and the financial performance goals were deemed to have been met.

20. Defendants have taken the position that the restrictions on Green's shares did not terminate, and his options to purchase additional shares did not vest, because (in their view) the Plan provisions on which Green relies were superseded by the merger agreement between Delphi and Tokio. According to Defendants, the merger agreement contains a provision that purports to eliminate the "time-based vesting conditions" in the Agreement and the Plan. Under that provision, Defendants assert that in order for Green's rights to have vested, he would have had to remain employed by Reliance until December 31, 2012 (for the options) or March 5, 2013 (for the Restricted Shares).

21. Green was not a party to the merger agreement between Delphi and Tokio.

22. The Plan expressly provides that "without the consent of an affected Participant, no amendment, alteration, suspension, discontinuation, or termination of the Plan may materially and adversely affect the rights of such Participant under any Award therefore granted to him or her."

23. Because the provision of the merger agreement on which Defendants rely would amount to an amendment or alteration of the Plan that would materially and adversely affect Green's rights, that provision must be disregarded in determining Green's rights under the Agreement and the Plan.

24. In addition, because Green was still employed at the time of the merger, and thus was the owner of, and had not forfeited, the Restricted Shares, Delphi's failure to provide Green with the same consideration with respect to his shares that its other shareholders received with

respect to their shares violated the provision of the Agreement promising that Green "shall have the rights of a stockholder of Delphi" generally.

25. Green has demanded that Defendants honor his rights under the Agreement and the Plan and as a shareholder of Delphi with respect to the Restricted Shares and options to purchase additional shares. Defendants have refused to do so.

## COUNT I
### (Breach of Contract)

26. Green repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full herein.

27. Green entered into a contract with Delphi and Reliance.

28. Green performed his obligations under the contract.

29. Delphi and Reliance breached their obligations under the contract.

30. As a direct and proximate consequence of Delphi's and Reliance's breaches, Green has sustained pecuniary harm.

## COUNT II
### (Violation of Pennsylvania Wage Payment and Collection Law)

31. Green repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full herein.

32. The Restricted Shares and options to purchase additional shares that Delphi and Reliance owe Green constitute wages within the meaning of the Pennsylvania Wage Payment and Collection Law. 43 P.S. § 260.9a.

33. The Wage Payment and Collection Law provides that "[a]ctions by an employee . . . to whom any type of wages is payable to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction . . . ." 43 P.S. § 260.9a(b).

34. Pursuant to the Wage Payment and Collection Law, "[w]here wages remain unpaid . . . for sixty days beyond the date of the agreement, award or other act making wages payable," the employee is entitled, in addition to the unpaid wages, to "liquidated damages" in "an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater." 43 P.S. § 260.10.

35. Because Delphi and Reliance have failed to pay wages owed to Green, they are liable to Green for payment of the wages owed and for liquidated damages as provided by the Wage Payment and Collection Act.

## COUNT III
### (Violation of General Corporation Law of Delaware, Del. Code Tit. 8, § 101 *et seq.*)

36. Green repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full herein.

37. As a Delaware corporation, Delphi is subject to the provisions of the General Corporation Law of Delaware, Del. Code Tit. 8, § 101 *et seq.*

38. Under the General Corporation Law of Delaware, and the terms of the Agreement, the Restricted Shares held by Green were identical to all other shares of Class A common stock issued by Delphi.

39. The merger agreement between Delphi and Tokio provided for holders of Delphi Class A common stock, other than persons holding restricted shares such as Green, to receive $43.875 per share upon consummation of the merger.

40. The merger agreement provided that persons holding restricted shares would only receive the merger consideration of $43.875 if they continued to remain employed by Delphi until March 5, 2013.

41. No provision of the General Corporation Law of Delaware authorizes the merger agreement's disparate treatment of the shares held by Green and shares held by other Delphi shareholders, or authorizes a corporation to impose a requirement that a shareholder continue to provide services to the corporation for nearly nine months after the consummation of a merger in order to receive the merger consideration available to shareholders generally.

42. As a direct and proximate consequence of this disparate treatment, Green has sustained pecuniary harm.

**REQUEST FOR RELIEF**

Plaintiff therefore requests that the Court award him the following relief:

a. compensatory damages for the pecuniary losses he has sustained;

b. liquidated damages as provided for under the Pennsylvania Wage Payment an Collection Law;

c. costs and interest;

d. reasonable attorneys' fees, pursuant to the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.9a(f); and

e. such other relief at the Court deems just and proper.

Dated at Portland, Maine this 8th day of July, 2013.

                                    Respectfully submitted,
                                    Danny R. Green

                                    By his attorneys,
                                    PRETI, FLAHERTY,
                                    BELIVEAU & PACHIOS, LLP

                                    I. Richard Ploss, PA Attorney
                                     ID # 60138
                                  Timothy J. Bryant,

                                  _____
                                  I. Richard Ploss, Esq.
                                  P.O. Box 9546
                                  Portland, ME 04112-9546
                                  Telephone: (207) 791-3000
                                  Facsimile: (207) 791-3111
                                  E-mail: rploss@preti.com
                                  tbryant@preti.com

5471937.1